# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ANITA CRANFORD,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. CIV-23-252-G |
| | ) |
| **USAA INSURANCE COMPANY,** | ) |
| | ) |
|     **Defendant.** | ) |

## ORDER

Now before the Court is the parties' Agreed Joint Motion to Remand (Doc. No. 8). Having reviewed the parties' Joint Motion and relevant record, the Court grants the Motion.

*I.   Background*

On January 3, 2023, Plaintiff Anita Cranford initiated this lawsuit in the District Court of Cleveland County, Oklahoma, against Defendant USAA Insurance Company. *See* Pet. (Doc. No. 1-2). Plaintiff asserts claims for breach of contract and breach of the implied duty of good faith and fair dealing under Oklahoma statutory and common law, seeking damages in excess of $75,000. *See id.* Plaintiff additionally alleges that Defendant's actions were intentional or in reckless disregard for the rights of others and sought punitive damages. *See id.*

On March 20, 2023, Defendant removed the action to this Court on the basis of diversity jurisdiction. *See* Notice of Removal (Doc. No. 1) at 1-4; 28 U.S.C. §§ 1332(a), 1441(a).

On May 25, 2023, the parties' filed the instant Joint Motion to Remand (Doc. No. 8), seeking to remand this matter to state court pursuant to 28 U.S.C. § 1447(c) on the basis that the amount in controversy is less than $75,000. The parties attach to their Joint Motion a Stipulation signed by Plaintiff and Plaintiff's attorney in which Plaintiff agrees that her total damages in this matter cannot exceed $74,999.99, inclusive of interests and costs. *See* Stipulation (Doc. No. 8-1).

II. *Discussion*

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States" and "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. §§ 1331, 1332(a). "Since federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Penteco Corp. Ltd. P'ship—1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). "[T]he policy of the . . . acts of Congress regulating the jurisdiction of the federal courts is one calling for strict construction of such legislation." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). "[A]ll doubts are to be resolved against removal." *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

Plaintiff represents, pursuant to the Stipulation, that the total amount of controversy in this matter, including punitive damages, is less than the jurisdictional threshold of $75,000. Defendant agrees and does not argue otherwise. The Court therefore lacks subject-matter jurisdiction over this action under 28 U.S.C. § 1332(a). Nor do any of

Plaintiff's claims arise under "the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The Court therefore GRANTS the parties' Agreed Joint Motion to Remand (Doc. No. 8). The Court REMANDS this matter to the District Court for Cleveland County, Oklahoma, and DIRECTS the Clerk of this Court to send a certified copy of this Order to the Clerk of the state court to which this matter is remanded.

IT IS SO ORDERED this 5th day of July, 2023.

*Charles B. Goodwin*
CHARLES B. GOODWIN
United States District Judge